# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4044 | **DATE** | 9/27/2012 |
| **CASE TITLE** | James T. Sullivan, not individually but as Trustee of Plumbers' Pension Fund, Local 130, U.A. *et al.*, vs. CCC Plumbers, Inc., *et al.* | | |

**DOCKET ENTRY TEXT**

Defendants' Motion for Summary Judgment is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

The Plaintiff, the Trustee of Local 130, Plumbers Fringe Benefit funds, filed this collection action against the Defendant plumbing businesses for alleged delinquent contributions. CCC is a small family plumbing business that is engaged in residential and commercial plumbing construction and maintenance. Three C's is a female owned company. Its business consists only of CCC's maintenance and repair customers. Its work is performed by CCC plumbers and invoiced by CCC. Defendants have moved for Summary Judgment.

In 2010 the Funds performed a full audit of CCC as well as Three C's. The auditors reviewed all of what was alleged to be Defendants' records, including time cards, check stubs, unemployment tax returns, bank statements, payroll records, contribution reports as well as tax returns, and the general ledgers. The resulting audit was issued in 2011 and purported to show a contribution deficiency in the amount of $195,111. CCC's attorneys met with the Fund's manager, its auditor and attorney to discuss the audit. Additional documentation was provided as well as a written explanation how CCC prepared its bids as well as the paper work of one of its residential plumbing jobs. Thereafter, the audit deficiency was reduced to $153,049 plus interest.

According to the audit with several small exceptions attributed to clerical errors and minor oversights, the time cards and payroll records were in agreement. Nevertheless the auditor concluded that CCC failed to report 5,361.44 hours of plumbing work to the Funds during the period of the revised audit. The auditor came up with this figure by taking Defendant's "sales volume, taken from corporate tax returns and the general ledger, and subtracting the reported plumbers' hours, times $100 per hour plus 25%, the amount paid to subcontractors, plus 25%, and divided the resulting balance by $100 to arrive at her "unreported hours." The auditor got her figures from the explanation given her by the Defendants' president. He testified at his deposition that their cost of materials was based on a "best guess" basis to which he added a ten percent markup. He determined their labor cost by estimating the number of hours needed to perform the work, multiplied by $100 plus and additional 10%. Finally an additional 10 percent is added to the total of labor and material costs which make up the total bid. He supplied the auditor with a complete file of a residential plumbing job that CCC performed in 2009 and 2010

which was within the audit period. This job showed that CCC received a total of $114,675 for labor, materials, and extras, while CCC's actual cost was $92,665, achieving a profit of $22,010, or approximately 23.75%.

Defendants attack the audit and base this motion on what they refer to as "rank speculation" on the part of the auditor, whose qualifications they belatedly attack under the requirements of *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). They also contend that so-called "alternate method" of auditing, employed in this case is improper under Seventh Circuit precedent. The alternative method is employed to determine the amount of work performed other than by relying on the employer's employment records, where there is an indication that the employer's records may be inaccurate. *Chicago Painters v. Royal International Drywall and Decorating*, 493 F.3d 782, 787 (7th Cir. 2007). Defendants argue that there is no indication that their records were inaccurate and point to several references in the audit that show that the time sheets were "well organized" and that "no discrepancies" were found by comparing payroll with quarterly and annual payroll tax documents.

However, according to the auditor the total receipts of the Defendants and the hours worked according to the companies' records do not add up. While a certain amount of speculation is required, this is in part due to the fact that Defendants were somewhat hazy as to how they prepared a bid for a job. The auditor appears to have allowed the upper end of where the Defendants' claim they set their bid as well as allowing Defendants the efficiency that they claim to be able to achieve. It appears that no matter how you figure Defendants' costs on any reasonable basis there is a substantial amount of revenue unaccounted for. The auditor assigned this excess revenue to increased plumbing hours worked.

Finally, although Defendants attempt to attack the affidavit of the auditor as insufficient under *Daubert* nevertheless the attack occurs in their reply brief. Defendants have been in possession of the audit and revision for some period of time and could have brought a *Daubert* motion but did not do so. The Court, of course, does not have the benefit of a full record as to the qualifications of the auditor. Defendants contend that there is no evidence that the auditor has any expertise in projecting how may plumbing hours are necessary to produce revenue, that the projections are based on any accepted accounting principles. They sum it up in the statement that "clearly the auditor is no more than an accountant."

However, the fact that the *Daubert* attack came in Defendants' Reply Brief means it comes too late. The Defendants had access to the audits and revisions and if they thought that the auditor was incompetent the issue could have been raised either in a pre-motion *Daubert* motion or at least in their opening brief so that the Plaintiff would be alerted that they were going to attack the qualifications of the auditor. They did neither. So the Court is left with a record devoid of any way to assess the qualifications of the auditor. The Court therefore at this stage has to credit the opinion of the auditor at least to the extent that it creates a question of fact as to the accuracy of the Defendants' records. A party could of course maintain its business in a way so that part of the business is on the record while a portion of the business is conducted off the record. Under such circumstances the records of the business might well appear to be accurate. However, if the total proceeds of the business exceed what the costs indicated the proceeds should be, such a situation would give rise to an inference that the records might not be accurate. The Court also notes that the Defendants did not make any effort to explain what appears to be excess revenue upon which the auditor based her conclusion that there was unreported work.

The Court believes that the record shows questions as to the quality of Defendants' records and questions of fact as to the number of hours actually worked as opposed to the number of hours reported. Accordingly, the Motion for Summary Judgment is denied.